**Seth HUBERMAN, on behalf of himself and all others similarly situated, Plaintiff—Appellant,**

James Curran, Appellant,

v.

**TAG–IT PACIFIC INC.; et al., Defendants—Appellees.**

No. 07–55648.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Feb. 11, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Patricia Avery, Marian P. Rosner, Esquire, Wolf Popper LLP, New York, NY, Lionel A. Glancy, Esquire, Glancy Binkow & Goldberg, Los Angeles, CA, for Plaintiff–Appellant.

Howard M. Privette, Paul Hastings Janofsky & Walker LLP, Los Angeles, CA,

Peter Marshall Stone, Esquire, Paul, Hastings, Janofsky & Walker LLP, Palo Alto, CA, for Defendants–Appellees.

Before: WARDLAW, W. FLETCHER and PAEZ, Circuit Judges.

## MEMORANDUM [*]

In this securities fraud action, Seth Huberman appeals from the district court's grant of summary judgment in favor of defendants Tag–It Pacific, Inc. ("Tag–It") (now Talon International), Colin Dyne, Mark Dyne, August DeLuca, and Ronda Ferguson ("individual defendants"). Huberman, a Tag–It stockholder, alleged that material misrepresentations in Tag–It's press releases and SEC filings, combined with its improper accounting practices, constituted fraudulent conduct in violation of Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 and Rule 10(b)(5) of the Securities Exchange Commission. Huberman also appeals the district court's denial of class certification under Federal Rule of Civil Procedure 23(b)(3).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for trial.

A district court's grant of summary judgment is reviewed de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Huberman also appeals the district court's denial of his motion for Fed.R.Civ.P. 56(g) sanctions, denial of his request for an extension of discovery under Fed.R.Civ.P. 56(f),

and denial of his *ex parte* motion for an extension of the pretrial scheduling. In light of our reversal of the district court's grant of summary judgment and our directive to reopen discovery on remand, we need not address these arguments.

issues of material fact and whether the district court correctly applied the relevant substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004). Where intent is a primary issue, summary judgment is generally inappropriate, although it may be granted under certain circumstances. *SEC v. Seaboard Corp.*, 677 F.2d 1297, 1298–99 (9th Cir.1982). A determination of scienter is a mixed question of law and fact; therefore, it is reviewed for clear error. *SEC v. Talbot*, 530 F.3d 1085, 1090 (9th Cir.2008).

The required elements of a private securities fraud action under the Securities Exchange Act are set forth in *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir.2008). The present dispute centers around the elements of scienter and loss causation.

Scienter requires an intent to manipulate, defraud, or deceive. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). Scienter can be established by direct or circumstantial evidence and, while negligent accounting or misapplication of accounting principles will not establish scienter, egregious deficiencies in accounting practices may. *Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir.1996); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1425–26 (9th Cir. 1994).

Here, Huberman presented documentary evidence consisting of internal communications among Tag–It auditors, employees, creditors, as well as public announcements, and documentation of Tag–It's accounting practices. The evidence suggests that the individual defendants were aware that the financial condition of the corporation was deteriorating, yet knowingly failed to disclose the extent of its financial situation to the public, and in fact, continued to report misleading positive news. Further, Huberman's docu-

mentation relating to Tag–It's accounting practices, including Tag–It's alleged failure to monitor its inventory adequately, maintain adequate reserves, and accurately report accounts receivable and payable, suggests that Tag–It's accounting practices may have constituted "egregious deficiencies."

This evidence raises a genuine issue of material fact with regard to the individual defendants' intent to deceive the public regarding Tag–It's financial condition and its deteriorating business relationship with its main customers. Thus, we conclude that the district court clearly erred in determining that Huberman did not produce sufficient evidence of scienter.

We further hold that Huberman presented sufficient evidence of loss causation to survive a summary judgment. Loss causation requires that a plaintiff present facts that demonstrate a connection between the defendant's material misrepresentation and the plaintiff's loss. *Metzler*, 540 F.3d at 1062–65; *Dura Pharms., Inc., v. Broudo*, 544 U.S. 336, 342, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005). The misrepresentation "need not be the *sole* reason for the decline in value of the securities, but it must be a substantial cause." *In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056 (9th Cir.2008) (emphasis added) (internal quotations omitted).

Tag–It argues that Huberman's evidence, consisting of Tag–It press releases containing negative information about the company's business, and a stock chart that reflects corresponding significant losses in Tag–It stock value, does not establish a genuine issue of material fact with regard to loss causation. We disagree. The drops in stock price directly followed the press releases that disclosed for the first time the extent of Tag–It's deteriorating financial condition. A reasonable factfin-

der could conclude on the basis of this evidence that Tag–It's alleged fraudulent conduct was a substantial cause of Huberman's loss. Therefore, the district court erred in concluding that Huberman did not present sufficient evidence of loss causation.

Moreover, Huberman's evidence of control person liability with respect to the individual defendants raises a genuine issue of material fact sufficient to overcome summary judgment. A prima facie case under Section 20(a) requires (1) a primary violation of federal securities law and (2) the exercise of actual power or control by the defendant over the primary violator. *No. 84 Employer–Teamster Joint Council Pension Trust Fund v. Am. West Holding Corp.*, 320 F.3d 920, 945 (9th Cir.2003).

Control is present when a defendant has power to direct or cause the direction of management, as when day to day oversight of company operations is combined with involvement in the production of financial statements. *Id.* On the basis of the evidence proffered in support of scienter, a reasonable factfinder could find control person liability with regard to each of the individual defendants, given their extensive participation in the management of Tag–It.

In sum, Huberman presented sufficient evidence to raise a genuine issue of fact with regard to fraud and control person liability. We therefore reverse the grant of summary judgment and remand for trial.

Next, we consider whether the district court erred in denying Huberman's motion for class certification. A district court's decision regarding class certification is reviewed for abuse of discretion. *Dukes v. Wal–Mart, Inc.*, 509 F.3d 1168, 1175 (9th Cir.2007). For a named plaintiff to obtain class certification, the elements set forth in Rule 23(a) must be satisfied. *See Hanon*

*v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992). If the court finds that the elements of Rule 23(a) are satisfied, a class action may be maintained provided that questions of law or fact common to class members predominate over questions specific to the individual members, and that a class action is otherwise a superior form of adjudication. Fed R. Civ. P. 23(b)(3). The dispute in this case centers around Rule 23(a)'s requirement of typicality and Rule 23(b)(3)'s requirement that common questions of fact and law predominate over individual questions.

■ The district court concluded that Huberman was atypical on the basis of unsupported speculation that he *may have had* access to inside information. Although the existence of a unique defense that would affect the focus of the case at trial can support an atypicality finding under certain circumstances, *see Hanon*, 976 F.2d at 508, the purported factual basis for this defense is insufficient to warrant such a finding here. Notably, Huberman testified at his deposition that he conducted his own independent investigation of Tag–It before purchasing its stock, and that Tag–It's public disclosures were the most important factor in his decision to invest.

"Under [Rule 23(a)'s] permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Dukes*, 509 F.3d at 1184 (alteration and internal quotations omitted). Thus, the district court's ruling was contrary to the permissive standards of the typicality requirement and lacked a reasonable basis. We hold that the district court abused its discretion in denying class certification on atypicality grounds.

■ Further, we conclude that at this stage of the proceeding, Huberman satisfied Rule 23(b)(3)'s superiority require-

ment by presenting evidence that Tag–It traded on an efficient market, thereby establishing the application of the fraud-on-the-market presumption. "The fraud-on-the-market presumption is based on the hypothesis that, in an open and developed securities market, the price of a company's stock is determined by the available material information regarding the company and its business.... Misleading statements will therefore defraud purchasers of stock even if the purchasers do not directly rely on the misstatements ...." *Binder v. Gillespie*, 184 F.3d 1059, 1064 (9th Cir. 1999) (quoting *Basic Inc. v. Levinson*, 485 U.S. 224, 241–42, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988) (internal quotations omitted)).

The fraud-on-the-market presumption is only available when the plaintiff demonstrates that the security which the defendant's allegedly fraudulent behavior concerned was actively traded in an efficient market. *Binder*, 184 F.3d at 1064 (citing *Basic Inc.*, 485 U.S. at 247, 108 S.Ct. 978). An efficient market is one that rapidly reflects new information in price, such that security prices fully reflect all available information. *Binder*, 184 F.3d at 1065. Here, where Tag–It was traded on a national exchange and the stock prices reflected public information an efficient market is present. Therefore, the fraud-on-the-market presumption applies, eliminating the need for individual reliance by each class member. Common questions of fact and law predominate over individual questions pursuant to Rule 23(b)(3). Because the remaining elements necessary for class certification are undisputedly present, we remand with instructions to grant class certification as requested by Huberman.

As noted, in light of our reversal of the district court's grant of summary judg-

ment, we need not address Huberman's challenge to the district court's denial of the Rule 56(f) request. On remand, however, the district court shall modify the pretrial scheduling order to allow a reasonable period of time to enable the parties to complete discovery.

**REVERSED and REMANDED.**

### ORDER

The memorandum disposition filed under seal on January 16, 2009, is redacted and shall be publicly filed. The briefs remain under seal.